# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Francis M. Deslauriers, Respondent.

Appellate Case No. 2017-002562

Opinion No. 27788
Submitted March 7, 2018 – Filed April 4, 2018

## PUBLIC REPRIMAND

John S. Nichols, Disciplinary Counsel, of Columbia, for
Office of Disciplinary Counsel.

Francis M. Deslauriers, of Memphis, Tennessee, pro se

**PER CURIAM:** By order of the Board of Professional Responsibility of the
Supreme Court of Tennessee dated April 20, 2017, respondent was censured for
violating the Rules of Professional Conduct.[1] The order was forwarded to this
Court by the Office of Disciplinary Counsel (ODC) on December 19, 2017.
Thereafter, pursuant to Rule 29(b) of the Rules for Lawyer Disciplinary
Enforcement, Rule 413, SCACR, ODC and respondent were notified by letter of
the Clerk of this Court that they had thirty days to inform the Court of any claim

---

[1] The order states that in August 2012, respondent was retained to represent a client in a lawsuit
against an insurance company for a property damage claim, but filed nothing in the case and did
not communicate with his client despite the client's numerous requests for updates. Eventually,
respondent filed a complaint in January 2015; however, in March 2016, after another year of
taking no action and failing to communicate with his client, respondent informed his client that
he had failed to serve the defendants or take their depositions, resulting in his client's case being
dismissed. The order concluded respondent violated Rules 1.1 (competence), 1.3 (diligence), 1.4
(communication), 3.2 (expediting litigation), and 8.4 (misconduct) of the Tennessee Rules of
Professional Conduct. Respondent was publicly censured for the violations.

that imposition of the identical discipline in South Carolina is not warranted and the reasons for any such claim.[2]  Respondent did not respond to the Clerk's letter.

We find a public reprimand is the appropriate sanction to impose as reciprocal discipline, as none of the reasons set forth in Rule 29(d) of the Rules for Lawyer Disciplinary Enforcement for the imposition of different discipline exists in this matter.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[2] This letter was mailed to the most recent address respondent provided in the Attorney Information System (AIS).